LAW OFFICES
**Broening Oberg Woods & Wilson**
PROFESSIONAL CORPORATION
2800 NORTH CENTRAL AVENUE, SUITE 1600
PHOENIX, ARIZONA 85004-1047
TELEPHONE: (602) 271-7700

Alicyn M. Freeman, #023916
amf@bowwlaw.com
Kelley M. Jancaitis, #025555
kmj@bowwlaw.com
Attorneys for Plaintiff Mutual of Enumclaw Insurance Company

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF ARIZONA**

| | |
|---|---|
| Mutual of Enumclaw Insurance Company, a Washington corporation,<br>Plaintiff,<br>vs.<br>Perry Huellmantel and Virginia Huellmantel, husband and wife, Jodi Mackenzie and Keith Mackenzie, individually and on behalf of their minor child K.M.,<br>Defendants. | NO.<br>**COMPLAINT FOR DECLARATORY JUDGMENT** |

Mutual of Enumclaw Insurance Company ("Mutual of Enumclaw"), for its Complaint against Perry and Virginia Huellmantel, and Jodi and Keith Mackenzie, individually and on behalf of their minor child K.M., alleges as follows.

**PARTIES**

1. Mutual of Enumclaw Insurance Company is a Washington corporation with its headquarters and principal place of business located in Enumclaw, Washington.

2. Defendants Perry and Virginia Huellmantel are residents of the State of Arizona.

3. Defendants Jodi and Keith Mackenzie, named individually and on behalf of their minor child, K.M., are residents of the State of Arizona.

## JURISDICTION AND VENUE

4. This is a declaratory judgment action under 28 U.S.C. §§ 2201-02 that arises out of certain claims against the Huellmantels by the Mackenzies seeking in excess of $1,000,000 on behalf of their minor child, K.M. The Huellmantels have sought indemnity and defense for the Mackenzies' claims against them under a homeowners' insurance policy issued by Mutual of Enumclaw, and Mutual of Enumclaw now seeks a declaration that it has no duty to defend or indemnify the Huellmantels for the claims asserted by the Mackenzies.

5. Jurisdiction is proper under 28 U.S.C. § 1332 because there is complete diversity among the parties, and the amount in controversy, exclusive of interest and costs, is in excess of $75,000.

6. Venue is proper in this Court pursuant to 28 U.S.C. § 1391 because the alleged acts giving rise to this suit all occurred within the District of Arizona. Additionally, the Mackenzies and Huellmantels reside in this District.

## GENERAL ALLEGATIONS

7. On or about April 20, 2021, Jodi and Keith Mackenzie, individually and on behalf of their minor child, K.M., filed a civil complaint against the Huellmantels in the superior court of Arizona. A copy of the complaint filed in Maricopa County Superior Court Cause No. CV2021-006434 (the "Underlying Lawsuit") is attached as **Exhibit A**.

8. In the Underlying Lawsuit, the Mackenzies allege that Perry Huellmantel sexually molested K.M. from 2015 to 2019.

9. After an investigation, Perry Huellmantel was criminally charged with two counts of child molestation and four counts of sexual conduct with a minor, all class 2

dangerous felonies under Arizona law, for acts occurring between November 1, 2015 and April 22, 2019 when K.M. was under 14 years old.

10. In December 2020, Perry Huellmantel pleaded guilty to and was convicted of two counts of attempted child molestation and four counts of attempted sexual conduct with a minor in violation of A.R.S. §§ 13-705, -1001, -1410 and -1405 in *State of Arizona v. Perry Charles Huellmantel*, Maricopa County Cause No. CR 2019-118822-001. The specific charges to which Perry Huellmantel pleaded guilty included “hands on victim’s penis and testicles,” “masturbatory conduct,” and “mouth on victim’s penis.” As part of the plea, Perry Huellmantel agreed to register as a sex offender.

11. In the Underlying Lawsuit, the Mackenzies allege that Virginia Huellmantel negligently failed to prevent Perry Huellmantel from molesting K.M.

12. In the Underlying Lawsuit, the Mackenzies allege that they and K.M. were damaged by the Huellmantels’ conduct, and seek compensatory and punitive damages, fees, and costs.

13. In May 2021, the Huellmantels tendered a copy of the lawsuit to MOE and demanded defense and indemnification under an Arizona homeowners insurance policy numbered HO41368135 that identifies Perry and Virginia Huellmantel as named insureds and an insured residence in Scottsdale, Arizona.

14. The Mutual of Enumclaw Policy was created in 2016 with an initial policy period of April 8, 2016 at 12:01 a.m. to April 8, 2017 at 12:01 a.m. (the “2016 Mutual of Enumclaw Policy”) and subsequently renewed for two additional policy years, through April 8, 2019 at 12:01 a.m. (the “2017 Mutual of Enumclaw Policy” and the “2018 Mutual of Enumclaw Policy”). The 2016 Mutual of Enumclaw Policy, 2017 Mutual of Enumclaw Policy, and 2018 Mutual of Enumclaw Policy are substantially similar, and the relevant language in each is identical unless otherwise noted. These policies are collectively

referenced herein as "the Mutual of Enumclaw Policy." A copy of the Mutual of Enumclaw Policy is attached as **Exhibit B**.

15. The Mutual of Enumclaw Policy extends personal liability coverage in the amount of $500,000 per occurrence and medical payments coverage in the amount of $2,000 per person subject to the policy's definitions, terms, and conditions.

16. The Mutual of Enumclaw Policy provides in relevant part:

> **DEFINITIONS**
>
> In this policy, "you" and "your" refer to the "named '**insured**'" shown in the Declarations and the spouse if a resident of the same household. "We," "us" and "our" refer to the Company providing this insurance. In addition, certain words and phrases, which appear in this policy in quotation marks (" ") are defined as follows:
>
> . . .
>
> 2. "**bodily injury**" means bodily harm, sickness or disease, except a disease which is transmitted by an "insured" through sexual contact. "**Bodily injury**" also includes "**personal injury**".
>
>    "**Bodily injury**" includes required care, loss of services, and death resulting from covered bodily harm, sickness or disease.
>
> . . .
>
> 9. "**occurrence**" means an accident, including continuous or repeated exposure to substantially the same harmful conditions, which results, during the policy period, in:
>
>    a. "**bodily injury**"; or
>    b. "**property damage**".
>
> . . .

16. “**sexual molestation**” means the actual or threatened sexual: abuse; molestation; harassment; or assault – whether of a physical or emotional nature, by any person to any person.

. . .

---

**SECTION II – LIABILITY COVERAGES**

---

**COVERAGE E – Personal Liability**

If a claim is made or a suit is brought against an “**insured**” for damages because of a “**bodily injury**” or “**property damage**” caused by an “**occurrence**” to which this coverage applies, **we will**:

1. **pay** up to our limit of liability for the damages for which the “**insured**” is legally liable. Damages include prejudgment interest awarded against the “**insured**”.

2. provide a defense at our expense by counsel of our choice, even if the suit is groundless, false or fraudulent. We may investigate and settle any claim or suit that we decide is appropriate. Our duty to settle or defend ends when our limit of payment for this coverage has been exhausted by payment of judgments or settlements.

**COVERAGE F – Medical Payments to Others**

**We will pay** the necessary medical expenses that are incurred or medically ascertained within three years from the date of an accident causing “**bodily injury**”. Medical expenses means reasonable charges for medical, surgical, x-ray, dental, ambulance, hospital, professional nursing, prosthetic devices and funeral services.

. . .

[T]his coverage applies only:

. . .

1. to a person on the "**insured location**" with the permission of an "**insured**"; or

2. to a person off the "**insured location**" if the "**bodily injury**" . . . is caused by the activities of an "**insured**".

. . .

---

**SECTION II - EXCLUSIONS**

---

1. **Coverage E – Personal Liability and Coverage F – Medical Payments to Others** do not apply to "**bodily injury**" or "**property damage**":

   a. which is expected or intended by any "**insured**", even if the resulting "**bodily injury**" or "**property damage**":

      (1) is of a different kind, quality or degree than initially expected or intended; or

      (2) is sustained by a different person, entity, real property or personal property than initially expected or intended.

. . .

   j. arising out of, or resulting from, actual, alleged or threatened:

      (1) "**sexual molestation**";
      (2) corporal punishment; or
      (3) physical or mental abuse

   We do not provide coverage for any of the above listed acts to any person by any person.

. . .

> q. arising out of injury caused by a violation of a penal law or ordinance committed by, or with the knowledge or consent of any "**insured**";
>
> . . .
>
> x. arising out of a criminal act committed by or at the direction of an "**insured**."[[1]]

17. In June 2021, Mutual of Enumclaw denied any duty to defend or indemnify Perry Huellmantel under the Mutual of Enumclaw Policy and extended a defense to Virginia Huellmantel under a reservation of rights.

**COUNT ONE**
**(Declaratory Judgment)**
**(No "Accident" or "Occurrence")**

18. Mutual of Enumclaw incorporates by reference all previous allegations as though fully set forth in this claim for relief.

19. The Mutual of Enumclaw Policy provides coverage for "bodily injury" caused by an "occurrence." An "occurrence" is relevantly defined as an "accident."

20. The Underlying Complaint alleges that the Mackenzies were damaged because Perry Huellmantel repeatedly engaged K.M. in manual and oral sexual contact while K.M. was a minor.

21. Perry Huellmantel has been convicted of molesting K.M.

22. The nature of Perry Huellmantel's alleged misconduct precludes any determination that the acts were accidental.

23. Mutual of Enumclaw is entitled to a judicial declaration that it does not owe any duty to defend or indemnify Perry Huellmantel in the Underlying Complaint because the allegations do not trigger the insuring agreements of the Mutual of Enumclaw Policy.

[1] This exclusion was added by Endorsement Special Provisions – Arizona HO M301AZ 0217 and only in effect for the 2017 Policy and 2018 Policy.

**COUNT TWO**
**(Declaratory Judgment)**
**("Expected or Intended Injury" Exclusion)**

24. Mutual of Enumclaw incorporates by reference all previous allegations as though fully set forth in this claim for relief.

25. The Mutual of Enumclaw Policy broadly excludes coverage for bodily injury "expected or intended" by any insured, even if the resulting injury is different in quality, kind, or degree than expected or intended, and even if the injury is sustained by person other than that expected or intended.

26. The Mutual of Enumclaw Policy excludes coverage for any claim attributable to the excluded acts, regardless of how the claims are framed.

27. The Underlying Complaint alleges that the Mackenzies were damaged because Perry Huellmantel repeatedly engaged K.M. in manual and oral sexual contact while K.M. was a minor, and because Virginia Huellmantel failed to prevent Perry Huellmantel from committing these acts.

28. Perry Huellmantel has been convicted of molesting K.M.

29. The nature of Perry Huellmantel's alleged misconduct creates a presumption that it was expected or intended to cause K.M. bodily injury.

30. Virginia Huellmantel's alleged misconduct is attributable to Perry Huellmantel's intentional acts.

31. Mutual of Enumclaw is entitled to a judicial declaration that it does not owe any duty to defend or indemnify Perry Huellmantel in the Underlying Complaint because the allegations describe conduct are specifically excluded from coverage under the Mutual of Enumclaw Policy.

**COUNT THREE**
**(Declaratory Judgment)**
**("Sexual Molestation" Exclusion)**

32. Mutual of Enumclaw incorporates by reference all previous allegations as though fully set forth in this claim for relief.

33. The Mutual of Enumclaw Policy broadly excludes coverage for bodily injury arising out of or resulting from actual, alleged, or threatened "sexual molestation." "Sexual molestation" means "actual or threatened sexual: abuse; molestation; harassment; or assault – whether of a physical or emotional nature, by any person to any person."

34. The Underlying Complaint alleges that the Mackenzies were damaged because Perry Huellmantel repeatedly engaged K.M. in manual and oral sexual contact while K.M. was a minor, and because Virginia Huellmantel failed to prevent Perry Huellmantel from committing these acts.

35. Perry Huellmantel has been convicted of sexually molesting K.M.

36. Perry Huellmantel's alleged misconduct falls within the MOE Policy's definition of "sexual molestation."

37. Virginia Huellmantel's alleged misconduct is attributable to Perry Huellmantel's sexual molestation of K.M.

38. Mutual of Enumclaw is entitled to a judicial declaration that it does not owe any duty to defend or indemnify Perry Huellmantel in the Underlying Complaint because the allegations describe conduct are specifically excluded from coverage under the Mutual of Enumclaw Policy.

**COUNT FOUR**
**(Declaratory Judgment)**
**("Violation of Penal Law" and "Violation of Criminal Law" Exclusions)**

39. Mutual of Enumclaw incorporates by reference all previous allegations as though fully set forth in this claim for relief.

40. The Mutual of Enumclaw Policy broadly excludes coverage for bodily injury arising out of an injury caused by a violation of a penal law or ordinance committed by, or with the knowledge or consent of, any insured.

41. The 2017 Mutual of Enumclaw Policy and 2018 Mutual of Enumclaw Policy broadly exclude coverage for bodily injury arising out of a criminal act committed by or at the direction of an insured.

42. The Underlying Complaint alleges that the Mackenzies were damaged because Perry Huellmantel repeatedly engaged K.M. in manual and oral sexual contact while K.M. was a minor, and because Virginia Huellmantel failed to prevent Perry Huellmantel from committing these acts.

43. Perry Huellmantel has been convicted of sexually molesting K.M. These acts violated Arizona statute.

44. Virginia Huellmantel's alleged misconduct is attributable to Perry Huellmantel's criminal acts.

45. Mutual of Enumclaw is entitled to a judicial declaration that it does not owe any duty to defend or indemnify Perry Huellmantel in the Underlying Complaint because the allegations describe conduct are specifically excluded from coverage under the MOE Policy.

## **PRAYER FOR RELIEF**

WHEREFORE, Mutual of Enumclaw respectfully requests this Court enter judgment in its favor and against Defendants declaring that:

A. Mutual of Enumclaw did not and does not have any duty to defend Perry Huellmantel or Virginia Huellmantel in connection with the Underlying Complaint;

B. Mutual of Enumclaw does not have a duty to indemnify Perry Huellmantel or Virginia Huellmantel for any settlement or judgment in connection with the Underlying Complaint;

C. Mutual of Enumclaw is entitled to an award of attorneys' fees and costs incurred in this action pursuant to Arizona Revised Statutes §§ 12-341 and 341.01; and

D. Mutual of Enumclaw is entitled to any such other and further relief as this Court deems necessary and proper.

RESPECTFULLY SUBMITTED this 12th day of November, 2021.

BROENING OBERG WOODS & WILSON, P.C.

By /s/ Kelley M. Jancaitis

Alicyn M. Freeman
Kelley M. Jancaitis
2800 North Central Avenue
Suite 1600
Phoenix, Arizona 85004-1047
Telephone: (602) 271-7700
Attorneys for Plaintiff Mutual of Enumclaw Insurance Company